IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| YELLOW POPLAR LUMBER COMPANY ) | Case No. 8:25-cv-01101BHH |
| ) | (Closed Case No. B-1101 |
| ) | Closed April 10, 1931) |
| Debtor. ) | |

APPLICATION TO REOPEN CASE AND
TO TRANSFER CASE TO THE WESTERN DISTRICT OF VIRGINIA

Applicants Plum Creek Timberlands, L.P. and Highland Resources, Inc. d/b/a North American Resources, Corp. (collectively, "Applicants"), pursuant to the Bankruptcy Act of 1898 and Order of the United States District Court for the Western District of Virginia, Abingdon Division (hereafter, "Virginia Federal Court"), request that this Court enter an Order reopening the above-captioned case and transferring the case to the Virginia Federal Court. In support of this Application, Applicants state as follows:

1. The Bankruptcy, Case No. B-1101, was opened as a result of an involuntary petition in bankruptcy filed on or about July 17, 1928. The matter was pending in this Court in Pickens, South Carolina. On November 7, 1928, Debtor was adjudicated a bankrupt. Thereafter, the estate was administered and distributions were made to creditors. The trustee was discharged on or about November 10, 1930, and a final certificate and report of the referee were submitted to the Clerk of the Court on or about April 10, 1931 with the case being closed at or about that time. Upon information and belief, to date the case has never been reopened.

2. On May 29, 2012, Plum Creek Timberlands, L.P. ("Plum Creek") filed a Complaint in the Circuit Court for Buchanan County, Virginia, asking the Court to declare it the owner of gas rights in a 3,877 ½ acre tract located in Buchanan County, Virginia, and remove a

cloud on its title.  Plum Creek's claim is based on an interpretation of a deed dated September 21, 1929, executed by the Debtor's trustee in bankruptcy under the authorization of the United States District Court of South Carolina.

3.      Plum Creek amended its Complaint on April 3, 2013, adding as defendants gas companies EQT Production Company and Range Resources-Pine Mountain, Inc. (collectively, "the Gas Companies"), among others.  The Gas Companies had identified Debtor as being the last known owner of the property in connection with applications to permit the drilling of coalbed methane gas wells on the property made to the Virginia Gas and Oil Board.

4.      The Gas Companies removed the case to the United States Bankruptcy Court for the Western District of Virginia, Abingdon Division, under the theory that Plum Creek's claims potentially implicated the Debtor's assets.  The Virginia Federal Court withdrew its reference to the bankruptcy court, and, by Opinion and Order dated March 31, 2014, denied Plum Creek's Motion to Remand, finding that the case arises in Title 11 based on its origins in bankruptcy.[1]  A copy of the Opinion and Order is attached hereto as **Exhibit A.**

5.      Plum Creek further amended the Complaint to add additional parties and expand its claims.  A copy of the Second Amended Complaint is attached hereto as **Exhibit B.**  Highland Resources, Inc. was later added as a party Plaintiff.

6.      Four different parties claim an interest in some or all of the gas rights in the 3,877 ½ acre tract:  (i) Applicants; (ii) the Gas Companies; (iii) certain individual deed holders; and (iv) certain heirs of shareholders of the Debtor (the "Shareholders").  The Shareholders claim that the 3,877 ½ acre tract was an undisclosed asset of the Debtor in connection with the 1928

---

[1] The Court's opinion did not draw a distinction between the Bankruptcy Code and the Bankruptcy Act of 1898, or discuss the fact that the Debtor's bankruptcy was filed and administered under the latter.

2

bankruptcy, that the property was not transferred or conveyed by authority of the South Carolina District Court and that the property remains in the bankrupt estate to be administered by the Court. The Shareholders and the Gas Companies also dispute the ownership of a tract of approximately 150 acres located in neighboring Dickenson County, Virginia which the former claim is an unscheduled and unadministered asset of the Debtor's estate, and the latter claim is owned by them. Ultimate determination of who owns the property likely will be governed by Virginia law as it relates to interpretation of deeds.

7.     Because one potential outcome of the Virginia litigation is that the property may remain in the Debtor's estate, and to therefore ensure the Court's jurisdiction and that all necessary parties are before the Court, the Virginia Federal Court has ordered Applicants to seek reopening of the Debtor's bankruptcy and transfer of the case to Virginia where a trustee would be appointed and made a party to the pending litigation. A copy of the Virginia Federal Court's Order is attached hereto as **Exhibit C.**

8.     Debtor's bankruptcy arose under the Bankruptcy Act of 1898, 11 U.S.C. § 11 (repealed 1979, subject to savings clause) (the "Act"). Former Bankruptcy Rule 515 requires that, when the application to reopen is filed with the clerk of the district court having custody of the papers, the "case shall be referred forthwith for action on the application and for further proceedings therein." *In re Dunning Bros. Co.*, 410 B.R. 877, 883-84 (Bankrtcy. E.D. Cal. 2009) (citing BANKR.R. 515 (1973)). Given the district court's reference to this court, the application may be filed with the clerk of the court having custody of the papers. *In re Dunning Bros. Co.*, 410 B.R. at 884.

9.     Under the Act, courts of bankruptcy were authorized to "reopen [estates] whenever it appears they were closed before being fully administered." *In re Dunning Bros. Co.*,

410 B.R. at 885 (quoting Bankruptcy Act § 2a(8), 11 U.S.C. § 11(a)(8) (repealed 1938). The Chandler Act in 1938 amended the standard to allow reopening "for cause" shown. *In re Dunning Bros. Co.*, 410 B.R. at 885 (citing 1 COLLIER 14th ed. ¶ 2.49). The "cause" standard for reopening was further affected by the 1973 Bankruptcy Rules which provided that "A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause." *In re Dunning Bros. Co.*, 410 B.R. at 885 (citing BANKR.R. 515 (1973) (first sentence)). Reopening is a matter of judicial discretion. *Id.* at 886.

10. According to *In re Dunning*, 410 B.R. 887, "since the reopening question is limited, Bankruptcy Act practice permits such requests to be made by application that can be entertained *ex parte* and without notice." (Citing *In re Schreiber*, 23 F.2d 428, 430 (2d Cir. 1928); *In re Zimmer*, 63 F.Supp. 488, 489 (S.D. Cal. 1945); and 1 COLLIER 14th ed. ¶ 2.51). Under Bankruptcy Code practice the Court also may grant a motion to reopen a case pursuant to section 350(b) and Bankruptcy Rule 5010 *ex parte* and without requiring a hearing. *See Dworsky v. Canal Street Limited Partnership (In re Canal Street Limited Partnership)*, 269 B.R. 375, 380-81 (8th Cir. BAP 2001).

11. The fact that a bankruptcy case may be reopened *ex parte* "reflects the understanding that reopening is, in substance, a ministerial act of little legal significance that does not affect the status of unscheduled property." *In re Dunning*, 410 B.R. at 887 (citing *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972–73 (9th Cir.2002); *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 913-15 (9th Cir. BAP 1999)).

12. "[I]f there is property that *may* be administered by a trustee, then the case should be reopened and a trustee appointed." *In re Dunning*, 410 B.R. at 888 (emphasis added). There

4

is no time limit for seeking to reopen. *Id.* (citing 1 COLLIER 14th ed. ¶ 2.49, at 291–92 n. 5 (collecting cases)).

13. The factual basis for reopening Debtor's bankruptcy is the potential existence of an interest of the estate in one or more parcels located in Buchanan and Dickenson Counties, Virginia once owned by Debtor and unscheduled in Debtor's bankruptcy.

14. Upon information and belief, a copy of Debtor's bankruptcy file is in the possession of Bankruptcy Court Deputy Clerk Jeff Davis, located in Columbia, South Carolina.

WHEREFORE Applicants Plum Creek Timberlands, L.P. and Highland Resources, Inc. respectfully request that the Court enter the Order filed herewith granting this Application to Reopen Case, and direct the transfer of the reopened case to the United States District Court for the Western District of Virginia, Abingdon Division, and grant such other and further relief as the Court may deem appropriate.

    Respectfully submitted,

    PLUM CREEK TIMBERLANDS, L.P.
    HIGHLAND RESOURCES, INC. D/B/A NORTH
    AMERICAN RESOURCES, CORP.


    By __/s/ W. Duffie Powers_____
    W. Duffie Powers (Fed. Bar No. 09738)
    GALLIVAN, WHITE & BOYD, P.A.
    55 Beattie Place, Suite 1200 (29601)
    Post Office Box 10589
    Greenville, SC  29603
    Phone:  (864) 271-9580
    Fax:  (864) 271-7502
    dpowers@gwblawfirm.com


    Francis H. Casola, Esq. (VSB #29108)
    Erin Boyd Ashwell, Esq. (VSB #79538)
    Woods Rogers PLC
    10 S. Jefferson St., Suite 1400 Roanoke, VA 24011

                                    (540)983-7716
                                    Fax: (540)983-7711
                                    Email: casola@woodsrogers.com
                                    eashwell@woodsrogers.com

*Counsel for Applicants Plum Creek Timberlands, L.P. and Highland Resources, Inc. d/b/a North American Resources, Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2015, a true and accurate copy of the foregoing was served on those listed below by the method listed:

***SERVICE BY ELECTRONIC MAIL*:**

Wade W. Massie, Esq.
Seth Michael Land, Esq.
Mark L. Esposito. Esq.
Penn, Stuart & Eskridge
P.O. Box 2288
Abingdon, Virginia 24212
Email: wmassie@pennstuart.com
sland@pennstuart.com

*Counsel for Defendant EQT Production Company, EQT Production Nora, LLC, Range Resources-Pine Mountain, Inc. and Range Resources-Appalachia, LLC*

J. Scott Sexton, Esq.
Gregory D. Habeeb, Esq.
Kathleen L. Wright, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, SE, Suite 800
Roanoke, VA 24011
Email: sexton@gentrylocke.com
greg_habeeb@gentrylocke.com
kathy_wright@gentrylocke.com

*Counsel for Edwin F. Legard, Jr.; Elizabeth Anne Cox, Trustee of the Elizabeth Anne Cox Trust; William B. Baker, Jr., Trustee of the Emily P. Baker Generation Skipping Trust; Michael Trivett and Matthew Trivett in their individual capacities as well as Trustees for the Trivett Living Trust; Leah Anne McGlothlin; Kevin T. McGlothlin; Donald A. McGlothlin, Jr.; Mary L. McGlothlin Burton; Mary LaPerla,*

*Joseph LaPerla and Wayne Burton*

R. Lucas Hobbs, Esq.
Elliott Lawson & Minor, P.C.
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
276-466-8400
276-466-8161 (fax)
Email: lhobbs@elliottlawson.com

*Counsel for all other parties unknown who may claim through the deed of C.G. Jackson as alleged in the Amended Complaint; all unknown descendants, heirs, devisees, beneficiaries, and assigns of Arthur Coleman, deceased; all unknown descendants, heirs, devisees, beneficiaries, and assigns of G.W. Charles and Phoebe Charles, husband and wife; all unknown descendants, heirs, devisees, beneficiaries, and assigns of Meda J. Owens, deceased; all unknown descendants, heirs, devisees, beneficiaries, and assigns of Teddy R. Owens, deceased.*

John M. Lamie, Esq.
Browning Lamie & Gifford, PC
PO Box 519
Abingdon, Virginia, 24212
276-628-6165
Fax: 276-628-4847
Email: jlamie@blglaw.us

*Guardian Ad Litem for Unknown Successors in Title to Yellow Poplar Lumber Company, Inc.*

Benjamin A. Street, Esq.
Street Law Firm LLP
P.O. Box 2100
Grundy, VA 24614-2100
276-935-2128
276-935-4162 (fax)
Email: bas@streetlawfirm.com

*Counsel for Levisa Coal Company, War Fork Coal Partnership, Fairview Limited Partnership, John C. Irvin, Carol C. Irvin, Martha E. Combs, Phillip G. Linwick, Virginia Linwick, Richard K. Pobst, Catherine Pobst, Amy Combs, Trustee, Eric Combs, Trustee, John W. Pobst, Jr. and Meredith E. Jennings.*

Paul Kugelman, Jr., Esq.
Senior Assistant Attorney General
Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia  23219

7

804-786-2071 telephone
804-786-2650 facsimile
Email: pkugelman@oag.state.va.us

>   *Counsel for Commonwealth of Virginia, Department of Mines, Minerals and Energy, Division of Gas and Oil; Conrad Spangler, in his official capacity as Director, Virginia Department of Mines, Minerals and Energy; Virginia Gas and Oil Board; Bradley C. Lambert, in his official capacity as Chairman, Virginia Gas and Oil Board*

Michael G. McGlothlin, Esq.
P.O. Drawer 810
Grundy, VA 24614
Email:  mickmcg@bvu.net

>   *Counsel for MGM Methane Corporation*

Jonathan T. Blank, Esq.
Larissa LPC Sneathern, Esq.
MCGUIRE WOODS LLP
P.O. Box 1288
Charlottesville, VA 2902-1288
(434) 977-2509 Telephone
(434) 980-2258 Facsimile
Email: jblank@mcguirewoods.com
lsneathern@mcguirewoods.com

>   *Counsel for CNX Gas Company, LLC*

David Grant Altizer, Esq.
Mandy Varney French, Esq.
Altizer, Walk and White PLLC
209 East Main Street
Tazewell, VA 24651
(276) 988-79791 (telephone)
(276) 988-6707 (facsimile)
Email: dga@awwlaw.com
mvf@awwlaw.com

>   *Counsel for CNX Gas Company, LLC*

Michael Allen Bragg, Esq.
Bragg Law, PLC
P.O. Box 1866
Abingdon, VA  24212
Email: bragglaw@bvunet.net

*Counsel for Patricia Compton*

**SERVICE BY ELECTRONIC MAIL BY AGREEMENT**:

James C. Compton and Lila C. Compton
30 Hoot Owl Road
Stafford, VA  22554
Compton_2@msn.com

**SERVICE BY U.S. MAIL:**

Charles Bartlett
432 East Main Street, Suite G
Abingdon, VA 24210

    *Pro Se*

Hurley Ratliff
1058 Willie Road
Vansant, VA  24656

    *Pro Se*


By __/s/ W. Duffie Powers_____
W. Duffie Powers (Fed. Bar No. 09738)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200 (29601)
Post Office Box 10589
Greenville, SC  29603
Phone:  (864) 271-9580
Fax:  (864) 271-7502
dpowers@gwblawfirm.com